IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07cv68 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| AMBER RENEE HARDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Robert Harden, a prisoner or pretrial detainee in the Douglas County Correctional Center ("DCCC"). The plaintiff's Motion to Proceed In Forma Pauperis ("IFP") has been granted. Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by confined persons. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> In this case, the plaintiff complains that the mother, grandparents and cousin of his

minor child have been denying him access to the child, and the Federal Bureau of Investigation ("FBI") has been coercing the mother into filing false domestic abuse charges against the plaintiff, leading to orders denying him visitation with the child. While the plaintiff does not indicate the jurisdictional basis of his claims, he has filed his complaint on a form for a civil rights action pursuant to 42 U.S.C. § 1983.

To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law." In this case, all of the family members sued by the plaintiff are simply private citizens, and none is a "state actor," i.e., a person acting "under color of state law" for purposes of § 1983.

"The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Thus, an allegation that a private individual has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. See, e.g., Pino v. Higgs, 75 F.3d 1461, 1464-67 (10th Cir. 1996): "To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983." Therefore, if the actions of a defendant were "not state action, our inquiry ends." Rendell-Baker v. Kohn, 457 U.S. at 838.

In addition, even if the plaintiff had stated a civil rights claim against his family members, and even if he could proceed against the FBI by means of a "Bivens action," see Bivens v. Six Unknown Named Agents of the F.B.I., 403 U.S. 388 (1971), he is precluded from doing either by the "domestic relations doctrine" articulated in Ankenbrandt v. Richards, 504 U.S. 689 (1992).  In Ankenbrandt, the United States Supreme Court recognized a "domestic relations exception" to the jurisdiction of the federal courts in light of long-held understandings and policy considerations.  "The [domestic relations] limitation is one on subject matter jurisdiction, and is therefore not waivable by the parties.  The aim of the exception is to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g., family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum."  Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001).   See also Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12-13 (2004):

> One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations.  Long ago we observed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  In re Burrus, 136 U.S. 586, 593-594 ... (1890). See also Mansell v. Mansell, 490 U.S. 581, 587... (1989) ("[D]omestic relations are preeminently matters of state law"); Moore v. Sims, 442 U.S. 415, 435 ... (1979) ("Family relations are a traditional area of state concern").  So strong is our deference to state law in this area that we have recognized a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees."  Ankenbrandt v. Richards, 504 U.S. 689, 703 ... (1992).  We have also acknowledged that it might be appropriate for the federal courts to decline to hear a case involving "elements of the domestic relationship," id., at 705 ..., even when divorce, alimony, or child custody is not strictly at issue ....

3

Accordingly, for the foregoing reasons, this case must be dismissed for failure to state a claim on which relief may be granted against the defendants under the Constitution and laws of the United States.  The plaintiff may be able to bring an action against the defendant in a state court under state law, but he has not stated a claim on which relief may be granted under federal law in a federal court.  Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

THEREFORE, IT IS ORDERED:

1.  That this case and the plaintiff's complaint are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B); and

2.  That judgment will be entered accordingly.

DATED  this 28th day of February, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge