IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT HARDEN, (Father until DNA says otherwise), | ) ) ) | |
| Plaintiff, | ) ) | 8:07CV68 |
| v. | ) ) | |
| AMBER RENEE HARDEN, (mother), JEFF STOKER, (grandpa), PAULA STOKER, (grandma-step), FBI, Omaha Branch, and SHAD RUDDY, (cousin), | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on the limited remand from the Eighth Circuit Court of Appeals for the purpose of determining the plaintiff/appellant's in forma pauperis ("IFP") status and assessing docketing fees pursuant to 28 U.S.C. § 1915, Filing No. 20, and on the plaintiff/appellant's motion for leave to appeal IFP and IFP application, Filing Nos. 17 & 18. The plaintiff has filed a notice of appeal. Filing No. 14. He appeals the court's order, Filing No. 13, denying his post-judgment motion for leave to withdraw his lawsuit, Filing No. 12. This court granted the plaintiff leave to proceed IFP in this action in the district court and a prisoner account certificate was filed. Filing Nos. 7 & 8.

Pursuant to the Prison Litigation Reform Act ("PLRA"), the plaintiff is required to pay the full amount of the court's filing fee by making monthly payments to the court, even if he is proceeding IFP.[1] 28 U.S.C. § 1915(b); *Henderson v. Norris,* 129 F.3d 481 (8th Cir.

---

[1] Under the assessment and collection procedures established by the Eighth Circuit, the assessment of appellate filing fees occurs upon the filing of a notice of appeal or the filing of a motion to proceed in forma pauperis with this court. *Henderson v. Norris,* 129 F.3d at 484. The calculation of the initial partial appellate filing fee occurs upon the availability of the certification of a prisoner-appellant's prison account and

1

1997) (noting that when an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan).

In addition to the present case, Harden has filed the following federal actions: *Harden v. Oppy,* No. 4:07-CV-03054 (dismissed on initial review for lack of subject matter jurisdiction); *Harden v. State of Iowa,* 4:07-CV-03154 (dismissed on initial review for failure to state a claim); *Harden v. Hicks,* 8:06-CV-00768 (dismissed on initial review for failure to prosecute after leave to amend had been granted); *Harden v. Emmettsburg,* 8:06-CV-00770 (dismissed for lack of personal jurisdiction and for failure to state a claim). IFP status was denied in all of these cases.

The "three-strikes" provision of the PLRA states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A dismissal for lack of jurisdiction does not count as a Section 1915(g) strike. *Thompson v. Drug Enforcement Admin.,* — F.3d —, 2007 WL 1814949 (D.C. Cir. June 26, 2007). Similarly, a dismissal for failure to prosecute does not count as a strike. *Butler v. Department of Justice,* — F. 3d —, 2007 WL 1814962. (D.C. Cir. June 26, 2007).

---

leads to an order to prison officials to deduct the initial partial appellate fee and installment payments from a prisoner-appellant's account. *Id.* The collection of the initial payment and the later installment payments (the latter to be calculated and remitted by prison officials pursuant to § 1915(b)(2)) occurs over whatever time is needed for the payment of the assessed fees. *Id.*

The present case is Harden's third dismissal for failure to state a claim. However, the "strike" accorded by this case cannot count for § 1915(g) purposes, because a dismissal only counts as a strike when appeals have been exhausted or waived. *Campbell v. Davenport Police Dep't,* 471 F.3d 952, 953 (8th Cir. 2006); *see also Jennings v. Natrona Co. Detention Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir. 1999) (noting that "a 'hyper-literal' reading of § 1915(g) to count all district court dismissals as 'prior occasions' whether or not the litigant has appealed those decisions could bar a prisoner's appeal of an erroneous third strike, since the appeal would follow three prior dismissals"). Accordingly, the court finds that the "three-strikes" provision of the PLRA does not furnish authority of denial of IFP status to Harden.

Even if the three-strikes provision does not apply, however, the court retains the discretionary authority to deny IFP status to prisoners who have abused the privilege. *Butler v. Department of Justice,* 2007 WL 1814962 at *3. In making that discretionary decision, courts should look at the number, content, frequency, and disposition of the petitioner's previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history. *Id.; see e.g., In re Anderson,* 511 U.S. 364, 365 (1994) (denying petitioner IFP status because petitioner's twenty-two petitions and motions over three years were an abuse of the privilege); *In re Demos,* 500 U.S. 16, 16-17 (1991) (denying IFP status after thirty-two IFP filings over three years); *In re Sindram,* 498 U.S. 177, 177-78 (1991) (denying IFP after forty-three petitions in three years). Although Harden appears to be a prolific filer, the filing of five federal actions does not equate to abuse under existing precedent. In any event, the court's concerns about Harden's pursuit of litigation as a "costless pastime" will be obviated by the future application of the "three strikes" provision, absent an exception.

3

In addition, it remains necessary for district courts to continue to certify, pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith and to state its reasons in writing. *Henderson v. Norris,* 129 F.3d at 485. Under Fed. R. App. P. 24, a petitioner is ordinarily allowed to proceed IFP on appeal if IFP status has been granted in the district court, unless the court certifies the appeal is not taken in good faith. *Id.* Although, in the court's opinion, Harden's petition may lack merit, the court cannot find that the appeal is not taken in good faith. Accordingly, the court will grant the plaintiff provisional leave to proceed IFP on appeal.

The plaintiff is hereby notified that leave to proceed IFP on appeal will not exempt him from liability for payment of the full $455 appellate filing fee in installments regardless of the outcome of the appeal. In addition, by filing a notice of appeal, the plaintiff has consented to the deduction by prison officials of the filing fee from the plaintiff's inmate prison account. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is responsible for an initial partial appellate filing fee of $35 for the filing of this appeal. After payment of the initial partial appellate filing fee, the remaining balance of the appellate filing fees will be collected by the plaintiff's institution in accordance with 28 U.S.C. § 1915(b)(2). [2]

---

[2]That statute provides that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

4

IT IS ORDERED:

1. The plaintiff's motions for leave to proceed in forma pauperis on appeal (filings 17 & 18) are granted;

2. Appellate filing fees in the amount of $455 are hereby assessed, to be paid in accordance with 28 U.S.C. § 1915(b); and

3. In accordance with 28 U.S.C. § 1915(b), an initial partial appellate filing fee of $35 shall be remitted to the court when funds are available in the plaintiff's inmate trust account;

4. Thereafter, all future custodians of the plaintiff shall collect and remit the balance of the $455 appellate filing fees in the manner required by 28 U.S.C. § 1915(b)(2);

4. The Clerk of Court is directed to send a copy of this order to the parties, to the appropriate officer for the plaintiff's institution and to the Eighth Circuit Court of Appeals, and the Clerk shall process this appeal to the Eighth Circuit.

DATED this 3rd day of August, 2007.

BY THE COURT:

s/Joseph F. Bataillon
United States District Judge